DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


KENNETH S. LANCASTER,           )        CASE NO.  5:12 CV 2766
                                )
           Plaintiff,           )
                                )
     vs.                        )        <u>MEMORANDUM OPINION</u>
                                )        <u>AND ORDER</u>
                                )
QUEST RECOVERY AND              )
PREVENTION SERVICES,            )
                                )
           Defendant.           )


        Pro <u>se</u> plaintiff Kenneth S. Lancaster filed the above-captioned <u>in</u> <u>forma</u> <u>pauperis</u>

complaint against his former employer, Quest Recovery and Prevention Services ("Quest

Recovery").  Mr. Lancaster alleges Quest Recovery violated of his Civil Rights pursuant to

"Title VI of the Civil Rights Act of 1964" and breached an employment contract.[1]  He seeks to

$250,000.00 in compensatory damages.

---

[1]        As Mr. Lancaster cites the broad protections of the statute against
discrimination based on race, national origin, or color, his reference to "Title VI"
should be "Title VII," 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2).

(5:12 CV 2766)

## A. Background

Mr. Lancaster was hired by Quest Recovery on January 18, 2011 to work as an independent contractor.  By written agreement, Quest Recovery was allegedly required to provide training and employment to Mr. Lancaster.  In addition, Quest Recovery allegedly signed a sponsorship agreement to help Mr. Lancaster "secure completed hours" for his License Chemical Dependency Counsel II (LCDCII) certification.

At some point after hiring Mr. Lancaster, Quest Recovery transferred him from a residential treatment facility to work in an outpatient facility.  He protests that the transfer was not a term to which the parties agreed in the contract, and thus breached their agreement.

Quest Recovery allegedly failed to provide a job description, training or to inform Mr. Lancaster of the company's productivity goals at the outpatient facility.   He "strongly believes he was the only Afro-American counselor (CDCA) Chemical Dependency Counselor Assistant doing assessments for the outpatient facility."  (Compl. at 2.)  Without explanation, Mr. Lancaster states he "strongly believes" his contractual rights were violated based on his race.

Finally, Mr. Lancaster states Quest Recovery agreed to compensate him at a rate of $13.00 per hour for up to 32 hours per week for his services.  While he states he worked 70 to 90 hours each pay period, there is no allegation he was not compensated for the additional hours at the $13.00/hour rate upon which the parties agreed.

On or about January 3, 2012, Quest Recovery "unlawfully terminated [Mr. Lancaster] based on disparate treatment and discrimination."  (Compl. at 3.)  He maintains the decision was in breach of his independent contractor agreement, "showing disparate treatment in violating

2

(5:12 CV 2766)

Plaintiff [sic] civil rights by taking away his livelihood to become a Licensed Chemical Dependency Counsel."  (Compl. at 2.)  No other details are provided regarding the circumstances surrounding his termination.

Mr. Lancaster avers his complaint is "authorized" by a Notice of Right to Sue issued by the Equal Employment Opportunity Commission (E.E.O.C.) on August 7, 2012.   There is, however, no copy of the Notice attached to the complaint.  Moreover, he does not state upon what basis he filed E.E.O.C. charges against Quest Recovery.

### B.  Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th  Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th  Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

---

[2]      A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th  Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th  Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th  Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th  Cir. 1985).

3

(5:12 CV 2766)

### C.  Res Judicata

This is the second complaint Mr. Lancaster has filed in this court.  The first was filed on June 8, 2012.  See Lancaster v. Quest Recovery, No. 5:12cv1453 (N.D. Ohio 2012) (Adams, J.) He alleged a generic claim that Quest Recovery "violated his rights" and breached an independent contractor agreement into which the parties entered.  He sought $250,000.00 in compensatory damages.  The case was dismissed on June 28, 2012 for failure to state a federal claim for relief, but without prejudice to any potential *state law claim* Mr. Lancaster sought to pursue.

The facts, relevant parties and claims are identical in both complaints.  While Mr. Lancaster attempts to now cite Title VII as the basis for this court's jurisdiction, he is barred by res judicata.

The doctrine of res judicata promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties.  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).  Under res judicata, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or *could have been raised in that action*.  See Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982) (emphasis added); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 197 (6th Cir.1987).

Res judicata may be used as an affirmative defense, but this court is empowered to raise the issue sua sponte.  See United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980); Holloway Const. Co. v. U.S. Dept. of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989).  To dismiss a

4

(5:12 CV 2766)

claim on res judicata grounds, four conditions must be met: 1) a final decision on the merits in

the first action by a court of competent jurisdiction, 2) the subsequent civil action is between the

same parties as the first action; 3) an issue or claim in the subsequent action was litigated or

should have been litigated in the prior action; and 4) an identity of the causes of action.  See,

e.g., Hamilton's Bogarts, Inc. v. State of Michigan, 501 F.3d 644, 650 n. 4 (6th Cir.2007).

Judge Adams specifically decided the merits of his civil rights claim and denied it on the

merits.  To the extent Mr. Lancaster sought to pursue any state law claims, only those claims

were dismissed without prejudice.

The complaint before this court is, as was the first, only between Mr. Lancaster and

Quest Recovery.  He revives his argument that he was unfairly fired from Quest Recovery.

However, if he now believes Quest Recovery fired him based on his race, in violation of Title

VII, nothing prohibited Mr. Lancaster from raising that claim in his first complaint.  Res

judicata, however, precludes him from refiling this action against Quest Recovery when he could

have raised it in the first complaint.

The same operative facts outlined in the first complaint are restated in the complaint

before this court.  Here, "the same transaction or connected series of transactions is at issue, . . .

the same evidence is needed to support both claims, and . . . facts essential to the second were

present in the first."  Prime Mgmt. Co. v. Steinegger, 904 F.2d 811, 816 (2d Cir.1990) (quoting

N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir.1983)).  All elements

necessary to dismiss a complaint based on res judicata have been met.  Accordingly, Judge

Adams's final judgment on the merits of Mr. Lancaster's prior action "bars relitigation between

5

(5:12 CV 2766)

the same parties or their privies on issues that were or could have been raised in that action."

<u>Kremer</u>,  456 U.S. at 467 n. 6.

### *D.  Conclusion*

Based on the foregoing, Mr. Lancaster's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Doc. No. 2) is **granted**.  The Complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e) based on <u>res</u> <u>judicata</u>, but without prejudice to any state law claims Mr. Lancaster may seek to pursue.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to mail a copy of the Memorandum Opinion and Order to plaintiff at his address of record.

IT IS SO ORDERED.


<u>November 16, 2012</u>                              <u>s/David D. Dowd, Jr.</u>
DATE                                                  DAVID D. DOWD, JR.
                                                       UNITED STATES DISTRICT JUDGE

(5:12 CV 2766)